

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
ENTERED
07/23/2013

| | | |
|---|---|---|
| IN RE: | § | |
| TMT USA SHIPMANAGEMENT LLC | § | CASE NO: 13-33740 |
| | § | |
| A WHALE CORPORATION | § | CASE NO: 13-33741 |
| | § | |
| B WHALE CORPORATION | § | CASE NO: 13-33742 |
| | § | |
| C WHALE CORPORATION | § | CASE NO: 13-33743 |
| | § | |
| D WHALE CORPORATION | § | CASE NO: 13-33744 |
| | § | |
| E WHALE CORPORATION | § | CASE NO: 13-33745 |
| | § | |
| G WHALE CORPORATION | § | CASE NO: 13-33746 |
| | § | |
| H WHALE CORPORATION | § | CASE NO: 13-33747 |
| | § | |
| A DUCKLING CORPORATION | § | CASE NO: 13-33748 |
| | § | |
| F ELEPHANT CORPORATION | § | CASE NO: 13-33749 |
| | § | |
| F ELEPHANT INC. | § | CASE NO: 13-33750 |
| | § | |
| A LADYBUG CORPORATION | § | CASE NO: 13-33751 |
| | § | |
| C LADYBUG CORPORATION | § | CASE NO: 13-33752 |
| | § | |
| D LADYBUG CORPORATION | § | CASE NO: 13-33754 |
| | § | |
| A HANDY CORPORATION | § | CASE NO: 13-33755 |
| | § | |
| B HANDY CORPORATION | § | CASE NO: 13-33756 |
| | § | |
| C HANDY CORPORATION | § | CASE NO: 13-33757 |
| | § | |
| B MAX CORPORATION | § | CASE NO: 13-33758 |
| | § | |
| NEW FLAGSHIP INVESTMENT CO., LTD. | § § | CASE NO: 13-33759 |
| | § | |
| RORO LINE CORPORATION | § § | CASE NO: 13-33760 |

| | | |
|---|---|---|
| **UGLY DUCKLING HOLDING CORPORAITON** | § | **CASE NO: 13-33761** |
| | § | |
| | § | |
| **GREAT ELEPHANT CORPORATION** | § | **CASE NO: 13-33762** |
| | § | |
| **TMT PROCUREMENT CORPORATION** | § | **CASE NO: 13-33763** |
| | § | **Jointly Administered Order** |
| Debtor(s) | § | |
| | | **CHAPTER 11** |

## ORDER

For the reasons stated on the record, the Joint Emergency Motion for Entry of an Order Dismissing with Prejudice the Debtors' Chapter 11 Case Pursuant to Sections 105(a), 305(a), 349, and/or 1112(b) of the Bankruptcy Code, (ECF No. 67), is granted, in part, and denied, in part.

1. The cases of TMT Shipmanagement LLC, (Case No. 13-33740), and F Elephant Corporation, (Case No. 13-33749), are dismissed.

2. No other cases are dismissed.

3. Certain Debtors violated the Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection, (ECF No. 43), by arranging for ECB International LLC ("ECB"), to pay wages in an approximate amount of $750,000 directly to the crews of three Whale vessels.[1] If ECB reduces any amount that it owes to a Debtor on account of all or a portion of this $750,000 advance:

    A. The Debtor receiving less than full payment must cause a non-Debtor entity to deposit, in cash, an amount equal to the reduction (the "Recovery Amount").

    B. The amount received from the non-Debtor entity as the Recovery Amount will be deposited into the Debtor's cash collateral account and be subject to any lien held by the respective lender.

    C. The Debtor must receive the Recovery Amount within 30 days of the date on which the original payment from ECB should have been received.

4. The Debtors must cause non-estate property (the "Good Faith Property") with a fair market value of $40,750,000 to be provided to the Estates:

    A. The Good Faith Property must be provided to the Estates, jointly, not later than August 20, 2013.

---

[1] Pursuant to the Time Charter Party with ECB, the owner of the ship is responsible for paying for the crew wages that were paid with the $750,000. *See* Lender's Exhibit 200, Paragraph 5. If ECB advanced the $750,000 in wages, it may be entitled to a credit for the payments. *See* Lender's Exhibit 200, Paragraph 6.

B.     Not later than August 6, 2013, the Debtors must file a proposed form of Order to establish the Court's control over the Good Faith Property.

C.     If the Debtors cause the Good Faith Property to be property other than cash, then the Good Faith Property must include at least 25,000,000 shares of the common stock of Vantage Drilling Company.

D.     If the Court determines that the initial Good Faith Property has a fair market value of less than $40,750,000, the Debtors will have an additional 30 days after such a determination to supplement the Good Faith Property such that it has a Fair Market Value of at least $40,750,000.

E.     The Good Faith Property will constitute a pool of assets to:

(i)     ensure compliance with court orders;

(ii)    provide a fund for payment of any sanctions ordered by the Court against one or more Debtors or their principals, including any daily coercive sanctions ordered by this Court;

(iii)   serve as collateral for a working capital loan to one or more Debtors, if ordered by the Court;

(iv)   satisfy any amounts arising under § 507(b) of the Bankruptcy Code, including without limitation any failure of adequate protection from the use of cash collateral;

(v)    collateralize an advance of any amounts due under paragraph 3 of this Order; and,

(vi)   serve any other purpose as may be ordered by the Court from time-to-time after notice and hearing.

F.     The Good Faith Property may be withdrawn or applied only after notice and hearing.

SIGNED **July 23, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE