IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORP., *et al.*,[1] | § | Case No. 13-33763 |
| | § | |
| | § | |
| DEBTORS. | § | Jointly Administered |

**EMERGENCY MOTION TO ENFORCE ORDER PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC STAY AND IPSO FACTO PROVISIONS**
(relates to Dkt. No. 23)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SERVE A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

4337533.1

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED ON AUGUST 21, 2013, AT 1:30 P.M. CENTRAL STANDARD TIME IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION, UNITED STATES COURTHOUSE, 515 RUSK, HOUSTON, TEXAS 77002.**

TMT Procurement Corp. *et al.*, the above-captioned debtors and debtors in possession (together, the "Debtors"), hereby file this Emergency Motion to Enforce Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code Enforcing and Restating Automatic Stay and Ipso Facto Provisions (the "Motion"). In support thereof, the Debtors would show as follows:

## I. JURISDICTION

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On June 20, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No trustees or examiners have been appointed in these cases.

3. On the Petition Date, the following vessels were under arrest:

    (a)    *M/V C Whale*

    (b)    *M/V E Whale*

    (c)    *M/V Fortune Elephant*

    (d)    *M/V C Handy*

      (e)    *M/V C Ladybug*

      (f)    *M/V A Duckling*.

Hours after the Petition Date, the *M/V B Handy* was arrested (see CM/ECF Transaction Log for B Handy Corporation and Log-book of *M/V B Handy* dated June 20, 2013, attached hereto as **Exhibit A**)[2] (together, the foregoing arrested vessels referred to as the "Arrested Vessels").

    4.    The relevant Debtors have made formal demands on the relevant Prepetition Bank Lenders for release of the Arrested Vessels (see **Exhibit B**). No lender has taken any action to facilitate turnover of any Arrested Vessel.

    5.    On June 24, 2013, the Court entered its Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code Enforcing and Restating Automatic Stay and Ipso Facto Provisions (Dkt. No. 23) (the "Automatic Stay Order"). The Automatic Stay Order provides, among other things, that all entities are prohibited from "taking any action to obtain possession of property of the Debtors' estates or of property from the estates' or to exercise control over property of the estates." (Automatic Stay Order p. 2); 11 U.S.C. § 362(a)(3).

### III.  RELIEF REQUESTED AND BASIS THEREFOR

    6.    The Debtors seek an order of the Court enforcing the Automatic Stay Order against the Prepetition Bank Lenders. Specifically, the Prepetition Bank Lenders should be required to take all necessary steps to facilitate the release of the Arrested Vessels. The Debtors respectfully request a hearing on this Motion on August 21, 2013, at 1:30 p.m., a preset hearing date in these cases. The Debtors request emergency relief on this Motion for the reasons described herein.

    7.    Property of the bankruptcy estate is "comprised of all the following property, wherever located: …all legal or equitable interests of the debtor in property as of the

---

[2] Gibraltar time was 7 hours ahead of Houston time on June 20, 2013.

commencement of the case." 11 U.S.C. § 541(a)(1); *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983). The scope of section 541(a)(1) is broad. *Whiting Pools*, 462 U.S. at 205 (citing H.R. Rep. No. 95-595, p. 367 (1977)). Although the relevant Debtors do not have possession of the Arrested Vessels, they are still the owners of the Arrested Vessels and have legal and/or equitable interests in the Arrested Vessels. Therefore, the Arrested Vessels are property of the bankruptcy estates despite the fact that they have been arrested by the relevant lenders.

8. The filing of a bankruptcy petition operates to, among other things, stay any act to obtain possession of, or to exercise control over, property of the estate. 11 U.S.C. § 362(a)(3). In these cases, the Court issued the Automatic Stay Order further explaining the requirements of § 362 for parties that do not typically deal with chapter 11 debtors. The relevant Prepetition Bank Lenders have not sought relief from the automatic stay, yet they continue to exercise control over the Arrested Vessels in clear violation of § 362(a)(3) of the Bankruptcy Code by refusing to direct the return of the vessels to the Debtors.

9. The duty to turnover property of the estate in compliance with § 362(a)(3) is affirmative and arises upon the filing of a bankruptcy petition. *See Mitchell v. BankIllinois*, 316 B.R. 891, 899 (S.D. Tex. 2004); accord *In re Weber*, 719 F.3d 72, 77-78 (2d Cir. 2013); *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1171-74 (10th Cir. 2007); *In re Knaus*, 889 F.2d 773, 774–75 (8th Cir.1989). Such duty may not be conditioned on adequate protection or any other terms. *Mitchell,* 316 B.R. at 901. Despite this duty, the Prepetition Bank Lenders have made no efforts to return the Arrested Vessels to the Debtors. Even in cases where a Prepetition Bank Lender is the sole arrestor of a vessel (i.e., the *E Whale*, *B Handy*, and *C Handy*), such lender has taken no affirmative action whatsoever to release and deliver the relevant vessel to its owner. Such action is a willful violation of the automatic stay. *Mitchell*, 316 B.R. at 901.

10. Furthermore, a creditor's inaction or failure to suspend an action may constitute a willful violation of the automatic stay. *See In re Jessamey*, 330 B.R. 80, 86 (Bankr. D. Mass. 2005); accord *In re Hookup, L.L.C.*, 12-33202-KRH, 2012 WL 4904538, *5 (Bankr. E.D. Va. Oct. 15, 2012) ("Additionally, the stay applies to [t]he failure to when act one has a duty to act. Regardless of whether the act or failure to act may have other legitimate purposes, . . . if it is also an act in violation of § 362(a), the other purposes do not excuse violating or disregarding § 362(a).") (internal quotations and citation omitted); *In re Daniels*, 316 B.R. 342, 348 (Bankr. D. Idaho 2004) (finding creditor had affirmative postpetition duty to take steps to see that arrest warrant against debtor's property was quashed, and creditor's inaction, in refusing to take any action was in nature of violation of automatic stay); *Matter of Clemmons*, 107 B.R. 488, 490 (Bankr. D. Del. 1989) ("When a creditor has been notified of the filing, he has a duty to stop post-petition collection activities whether that creditor claims secured status or not.").

11. As a result of the inaction of the Prepetition Bank Lenders, the Arrested Vessels are accruing substantial daily costs of *in custodia legis*, which costs are secured by maritime liens that are superior to the lenders' ship mortgages. Additionally, the ships are losing income as they are unavailable to work and the relevant Debtor cannot conduct its business, thus threatening the ability to restructure. *See Whiting Pools*, 462 U.S. at 203 (1983) (finding debtor's reorganization chances would be improved if operations could be maintained during the case). In the case of the *B Handy*, the automatic stay was further violated because the vessel was arrested by Shanghai Bank postpetition. The Debtors have informed Shanghai Bank of this stay violation, but Shanghai Bank has not taken any action to remedy the situation. (See **Exhibit B**). The vessel was also arrested mid-charter, meaning it is losing actual revenue, is laden with cargo, and can recommence work the instant Shanghai Bank lifts its improper arrest proceedings. The

vessel may also be accruing cargo claims as a result of the improper arrest. Finally, the *B Handy*'s cargo is cement that continues to harden while sitting aboard the vessel, and is becoming a threat to the vessel itself, as the cement will eventually be unable to be removed from the cargo hold absent damage to the vessel.

12.   The Prepetition Bank Lenders are well aware of these chapter 11 proceedings and the Automatic Stay Order. The Debtors have sent demand letters to the lenders requesting that the lenders cease exercising control over the Debtors' property. Despite these attempts, the lenders refuse to turn over the Arrested Vessels to the Debtors. The relevant Prepetition Bank Lenders are not only in violation of the automatic stay, but they continue to knowingly and willfully violate the automatic stay to the detriment of these bankruptcy estates and, ultimately, to the detriment of the Debtors' creditors.

## IV.  RESERVATION OF RIGHTS

13.   The Debtors reserve all rights and claims against the Prepetition Bank Lenders related to any violations of the automatic stay, including but not limited to any rights or claims for actual or punitive damages.

## CONCLUSION

WHEREFORE, premises considered, the Debtors respectfully request entry of an order substantially in the form attached hereto as well as such other and further relief as the Court may deem just and proper.

>                     Respectfully submitted,
>
>                     **BRACEWELL & GIULIANI LLP**
>
>                     By: */s/ William A. (Trey) Wood III*
>                             William A. (Trey) Wood III
>                             Texas Bar No. 21916050
>                             Trey.Wood@bgllp.com
>                             Jason G. Cohen

>Texas Bar No. 24050435
>Jason.Cohen@bgllp.com
>711 Louisiana, Suite 2300
>Houston, Texas 77002
>Telephone: (713) 223-2300
>Facsimile:  (713) 221-1212
>
>-and-
>
>Evan Flaschen
>(admitted *pro hac vice*)
>Evan.Flaschen@bgllp.com
>Goodwin Square
>225 Asylum Street, Suite 2600
>Hartford, CT 06103
>Telephone: (860) 947-9000
>Facsimile:  (860) 246-3201
>
>-and-
>
>Robert G. Burns
>(admitted *pro hac vice*)
>Robert.Burns@bgllp.com
>1251 Avenue of Americas, 49th Floor
>New York, New York 10020-1104
>Telephone: (212) 508-6100
>Facsimile: (800) 404-3970
>
>**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2013, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the Court's ECF noticing system and/or by electronic mail as indicated.

>*/s/ Jason G. Cohen*
>Jason G. Cohen