IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORP., *et al.*,[1] | § | Case No. 13-33763 |
| | § | |
| | § | |
| DEBTORS. | § | Jointly Administered |

DEBTORS' OBJECTION TO STATEMENT OF SECURED CREDITORS
IN SUPPORT OF APPEAL AS OF RIGHT AND MOTION
IN THE ALTERNATIVE FOR LEAVE TO APPEAL
[Relates to Dkt. No. 205]

TMT Procurement Corp., *et al.*, the above-captioned debtors and debtors in possession

(together, the "Debtors"), hereby file this Objection to the Statement of Secured Creditors in

Support of Appeal as of Right and Motion in the Alternative for Leave to Appeal (Dkt. No. 205,

the "Appeal Motion").[2] In support of this Objection, the Debtors state as follows:

## I.    SUMMARY OF THE ARGUMENT

1.    The Appeal Motion (i) is untimely as to subject matter jurisdiction, venue and

eligibility, (ii) improperly seeks leave to appeal issues that are not part of the order being

appealed from, (iii) incorrectly asserts a right to appeal, and (iv) does not meet the standard for

permissive interlocutory appeal. In support of the relief requested, the Appeal Motion (i) cites no

---

[1]The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

[2] Capitalized terms have the meanings set forth in Objection unless otherwise defined herein.

relevant decisions of the Fifth Circuit Court of Appeals, the United States District Court for the Southern District of Texas, or the United States Bankruptcy Court for the Southern District of Texas, (ii) asks this Court to go beyond controlling District Court decisions that "commonly apply the standard of 28 U.S.C. § 1292(b)," (iii) misstates each element of the § 1292(b) standard, (iv) mischaracterizes this Court's decisions, (v) cites cases that do not stand for the propositions for which they are cited, and (vi) completely fails to demonstrate "exceptional circumstances." The Appeal Motion should be denied.[3]

## II.     STATEMENT OF RELEVANT FACTS

### A.     Hearing on Subject Matter Jurisdiction and Related Matters

2.     The Debtors commenced these cases on June 20, 2013. At the "first day hearing" on June 24, 2013 (the "First Day Hearing"), the Secured Creditors[4] immediately raised subject matter jurisdiction and eligibility (the Secured Creditors did not challenge venue). After considering the parties' arguments and testimony concerning subject matter jurisdiction and eligibility, the Court announced its decision that it had subject matter jurisdiction over these cases and that the Debtors were otherwise eligible for chapter 11 relief. Tr. June 24, 2013 at 234:14-240:13.

3.     That same day, the Court issued two cash collateral orders (Dkt. Nos. 33 & 34). Both of those orders begin with: "For the reasons set forth on the record on this date:" Those reasons included the following: "We have jurisdiction over this under [28] USC Section 1334," Tr. June 24, 2013 at 297:6-8, and the Debtors satisfy the eligibility requirements of Bankruptcy

---

[3] The Secured Creditors have also filed a motion seeking a certification of a direct appeal to the Fifth Circuit (Dkt. No. 240). The Debtors will separately respond to the certification motion.

[4] The Debtors acknowledge that the "Secured Creditors" who are pursuing the Objection do not include Bank SinoPac, which is one of the five lead banks that have generally appeared before the Court.

Code 109, *id.* at 236:8-240:9. The Court considered the cash collateral orders' reference to the record sufficient based in part on the following discussion with counsel for one of the Secured Creditors, Cathay United Bank: "THE COURT: 'Mr. Parham, do you need any additional Findings of Fact or Conclusions of Law in case you want to take some sort of an immediate appeal of this? Otherwise, I'm just going to refer in the Order to the Findings and Conclusions that were reached on the Record.' MR. PARHAM: 'No, Your Honor. I think that they are fine.'" Tr. June 24, 2013 at 301:15-21.

4.      The Court also issued an Order Enforcing Automatic Stay (Dkt. No. 23), the terms of which this Court crafted in open court after considering comments on the order from all present, including the Secured Creditors. *Id.* at 316:7- 325:12. As part of that discussion, counsel for the largest of the Secured Creditors – Mega International Commercial Bank – acknowledged that, as a result of this Court's ruling earlier in the day, "everyone recognizes this Court has jurisdiction over this bankruptcy case." *Id.* at 324:2-4. The Court also issued the next day an order for joint administration (Dkt. No. 29). The four orders just discussed are referred to as the "First Day Orders".

5.      When the issue of this Court's jurisdictional holding was raised again at the Good Faith Hearing (defined below) by counsel for another of the Secured Creditors, Shanghai Commercial & Savings Bank, the Court stated that it had already issued its written order on June 24, 2013: "MR. MELKO: ...'while the Court made some findings on the Record, there's no – there's no Order as would be required under Rule 54.' ... THE COURT: 'We issued an Order, that Order required us to have subject matter jurisdiction in order to issue it,'" Tr. July 18, 2013 at 17:12 -18:1. As part of a colloquy with the same counsel on the first day of the Good Faith Hearing, this Court reconfirmed that "the only decretal ruling I made [at the First Day Hearing]

had to do with that we did have subject matter jurisdiction." Tr. July 16, 2013 at 169:1-3.

Counsel agreed: "MR. MELKO: '[M]y recollection is what the Court just recited.'" *Id.* at 169:9-

10. Counsel for Mega International Bank also raised again the issue of subject matter jurisdiction

at the Good Faith Hearing, asserting that it could be "revisited" and that this Court had only

made a "preliminary ruling." Tr. July 17, 2013 at 530:23 -531:1. This Court was clear in its

response: "[S]ubject matter jurisdiction, despite what they say in law school, once it gets

resolved it gets resolved, and you don't revisit it later just because you can raise it at any time.

You raise it, you get a ruling and it's like any other ruling." *Id.* at 532:1-5.

6.      Finally, addressing the issue explicitly in response to a statement from counsel for

Mega International Bank that "at this point in time the Court has not entered a signed order on

the first day of hearing on subject matter jurisdiction," Tr. July 18, 2013 at 314:11-13, this Court

responded as follows (*id.* at 314:17-315:5):

> I issued a written order that authorized the use of cash collateral. In doing so I
> made a finding that I had subject matter jurisdiction. I could not have issued the order
> authorizing the use of cash collateral without making, as a predicate finding, not an order
> but it's a law finding, that we had subject matter jurisdiction. And that's why I require the
> parties that we had to address that issue on that day because it was a predicate for the
> ruling. So I'm not going to issue another order on that.
>
> The order authorizing use of cash collateral had a finding that we had subject
> matter jurisdiction. If parties need that to be reconsidered then, again, we'll deal with
> whether that's appropriate or not. But I'm not going to issue another order on that.

7.      In addition, each of the Secured Creditors filed the Motion to Dismiss (defined

below), which acknowledges without qualification that: "This Court has subject matter

jurisdiction to consider and determine the [Motion to Dismiss] pursuant to 28 U.S.C. §§ 157 and

1334." Motion to Dismiss ¶ 4.

**B.      Good Faith Hearing**

8.      At the conclusion of the First Day Hearing, the Court reserved ruling on whether the Debtors filed their petitions in good faith and, at the Secured Creditors' insistence on a quick litigation, set the issue for hearing beginning on July 16, 2013 (the "Good Faith Hearing"). Tr. June 24, 2013 at 55:16-24 & 234:19-235:2. The Secured Creditors' subsequently filed on July 3, 2013 a Motion to Dismiss in connection with the Good Faith Hearing (Dkt. No. 67, the "Motion to Dismiss").

9.      The Good Faith Hearing began on July 16, 2013 and concluded on July 18, 2013. After considering all the evidence, pleadings, testimony, record, and arguments, the Court issued an oral ruling finding that 21 of the 23 Debtors met their burden of establishing good faith. Tr. July 18, 2013 at 294:7-312:17. The Court entered an Order confirming its decision on July 23, 2013 (Dkt. No. 134, the "Good Faith Order").

10.      As with the First Day Orders, the Court stated its intention to rely on the findings and conclusions stated on the record. Tr. July 18, 2013 at 312:3-312:6 ("And because of what I assume is the urgency of proceeding, I'll get that order issued this afternoon without written findings and conclusions, and I'll incorporate the oral findings and conclusions."). At the same time, this Court offered to all of the parties 14 days "to, in writing, request additional findings of facts and conclusions of law." *Id.* at 312:11-13. The 14-day period has now expired, with no party making such a request.

11.      On August 6, 2013, the Secured Creditors filed both their Notice of Appeal with respect to the Good Faith Order (Dkt. No. 203, the "Notice of Appeal") and the Appeal Motion.

### III.     ARGUMENT

**A.     The Appellate Courts Do Not Have Jurisdiction Even To Consider an Appeal as to Subject Matter Jurisdiction, Eligibility or Venue**

12.     As discussed in paragraph 2 above, the Court held on June 24, 2013 that it had subject matter over these bankruptcy cases under 20 U.S.C. § 1334, that the Debtors were eligible for relief under Bankruptcy Code § 109(a) and that venue was under 28 U.S.C. § 1408. As discussed in paragraphs 3 and 4 above, with the consent / acknowledgment of counsel, the Court incorporated these holdings into the First Day Orders by reference to the record. As discussed in paragraphs 5 and 6 above, the Court reconfirmed that its issuance of the First Day Orders was premised on those holding. As discussed in paragraph 7 above, on July 3, 2013 the Secured Creditors represented in writing in the Motion to Dismiss that this Court had subject matter jurisdiction.

13.     It should hardly be a surprise to the Secured Creditors that this Court considered the First Day Orders to encompass this Court's Jurisdiction Decision, and that the Secured Creditors could have immediately appealed the Jurisdiction Decision if they so desired. This court specifically asked counsel on June 24 if they needed any additional findings or conclusions "in case you want to take some sort of an immediate appeal of this?" Tr. June 24, 2013 at 301:15-17 (emphasis added).

14.     A notice of appeal must be filed with the clerk within 14 days of the date of the entry of judgment, order, or decree appealed from. Fed. R. Bankr. P. 8002(a). Failure to file a timely notice of appeal deprives the district court of jurisdiction to consider the appeal. *Don Vicente Macias, Inc. v. Texas Gulf Trawling Co., Inc.* (*In re Don Vicente Macias, Inc.*), 168 F.3d 209, 211 (5th Cir. 1999) (internal citations omitted). ECF reflects that the First Day Orders, although signed on June 24, 2013, were entered on the docket on June 25 or June 26, depending

on the order. Using June 26 in order to give the benefit of the doubt, the 14-day appeal period

expired no later than July 10, 2013. Further, to give the Secured Creditors an unprecedented

benefit of the doubt, even if one were to start the 14-day period on July 3, 2013, which is the date

the Secured Creditors acknowledged in the Motion to Dismiss that this Court has subject matter

jurisdiction, the 14-day appeal period would then have expired no later than July 17, 2013.

15.     Because the Notice of Appeal was not filed until August 6, 2013, the District

Court does not have jurisdiction to consider an appeal of this Court's jurisdiction and eligibility

holdings (or its venue holding, see below). Therefore, regardless of whether there would

otherwise be a right to appeal or grounds for an interlocutory appeal, the Appeal Motion must be

denied to the extent it seeks permission to appeal this Court's holdings on subject matter

jurisdiction, eligibility and venue.

**B.      Neither the Motion to Dismiss Nor the Good Faith Order Even Addressed
         Jurisdiction, Eligibility or Venue**

16.     The title of the Motion to Dismissed referenced only Bankruptcy Code §§ 105(a),

305(a), 349 and/or 1112(b), with no reference at all to Bankruptcy Code § 109, 28 U.S.C. § 1334

or 28 U.S.C. § 1408. This is underscored by the request for relief in the Motion to Dismiss (at

p. 2), which makes no reference to jurisdiction, eligibility or venue:

> [The Prepetition Secured Creditors], through their respective undersigned counsel, hereby
> file this joint motion for entry of an order substantially in the form of the proposed order
> attached hereto as Exhibit A, pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, and 1112(b),
> dismissing the above-captioned Chapter 11 cases with prejudice based on, among other
> things, (a) "cause," given that the Debtors commenced the above-captioned Chapter 11 cases
> in bad faith and/or manufactured jurisdiction in bad faith, (b) absence of a reasonable
> likelihood of rehabilitation, (c) inability to effectuate a Chapter 11 plan, (d) availability of an
> alternate forum, and (e) the interests of the creditors and the Debtors being better served by
> dismissal (the "**Motion**").

17.     The Appeal Motion (at p. 6) identifies 7 non-exclusive "central questions to be

presented by the appeal." Five of the issues listed are: (i) subject matter jurisdiction, (ii) venue in

the U.S., (iii) eligibility, (iv) venue in Houston, and (v) international comity. However, the Good

Faith Order makes no findings or conclusions as to any of these 5 issues. Instead, the Good Faith

Order accurately reflects that the Motion to Dismiss sought relief pursuant to Bankruptcy Code

§§ 105(a), 305(a), 349 and/or 1112(b), and there is nothing in either the Good Faith Order or the

Motion to Dismiss that even references Bankruptcy Code § 109, or 28 U.S.C. § 1334 or 28

U.S.C. § 1408. Accordingly, the Appeal Motion must be denied to the extent it seeks permission

to appeal from an order in which none of these 5 issues was decided. *Cf. Faulkner*, 2012 WL

293230 at *4 (finding that question of whether the court had subject matter jurisdiction to

enforce a final judgment was "not appropriate for certification because the Contempt Order did

not involve a determination of subject matter jurisdiction."); *In re Crescent Resources*, 2012 WL

691876 at *5 ("[E]ven if *Stern* were somehow implicated, the Court's ruling on standing did not

involve a determination of the Court's authority under *Stern*," and therefore *Stern* was not an

appropriate issue for certification).

C.      **The Good Faith Order Is Not a Final Order**

        18.     Although it will ultimately be the province of the District Court to determine

whether the Good Faith Order is a "final order" for purposes of appeal as of right, if it is a final

order, this Court need not address the request for permissive interlocutory appeal. Accordingly,

this Objection briefly addresses the "final order" standard.

        19.     District courts may only hear appeals from final judgments of the bankruptcy

courts or, if the court grants leave, appeals from interlocutory orders. 28 U.S.C. § 158(a); *see*

*Promenade Nat'l Bank v. Phillips* (*In re Phillips*), 844 F.2d 230, 233 (5th Cir. 1988). A

bankruptcy order is final for appeal purposes if it constitutes "a final determination of the rights

of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the

larger bankruptcy case." *Bartee v. Tara Colony Homeowners Ass'n* (*In re Bartee*), 212 F.3d 277,

282 (5th Cir. 2000) (internal citations omitted). On the other hand, bankruptcy court orders that "constitute only a preliminary step in some phase of the bankruptcy proceeding and do not directly affect the disposition of the estate's assets" are interlocutory and not appealable. *In re Phillips*, 844 F.2d at 235; *Smith v. AET Inc., Ltd.*, Nos. C-07-123, C-07-124, C-07-126, 2007 WL 1644060, *3 (S.D. Tex. June 4, 2007).

20.     "The easiest way to tell whether an order is sufficiently final in the bankruptcy context is whether it resolves a proceeding within the bankruptcy that would be a freestanding lawsuit if there were not bankruptcy action." *In re Royce Homes, LP*, 466 B.R. 81, 88 (S.D. Tex. 2012) (quoting from *In re McKinney*, 610 F.3d 399, 404 (7th Cir. 2010)). Under this standard, the binding precedent in the Fifth Circuit is that an order denying a motion to dismiss for lack of subject matter jurisdiction is not final. *In re Phillips*, 844 F.2d at 235; *Path-Science Laboratories, Inc. v. Greene Cnty. Hosp. (In re Greene Cnty Hosp.)*, 835 F.2d 589, 595-96 (5th Cir. 1988) (same), *reh'g and reh'g en banc denied* 841 F.2d 396 (Table) (5th Cir. 1998); *cert. denied sub nom. Path-Science Laboratories, Inc. v. Greene Cnty Hospital*, 488 U.S. 820 (1988); *see also Smith v. AET*, 2007 WL 1644060 at *3 ("numerous courts have held that a bankruptcy court's denial of a motion to dismiss is not a final order that may be appealed pursuant to section 158(a)(1)") (string citations omitted).

21.     The Secured Creditors' sole argument as to finality is to cite to a decision from the Third Circuit Court of Appeals, *In re Brown*, 916 F.2d 120, 122 (3d Cir. 1990), albeit conceding that the Fifth Circuit Court of Appeals' *Phillips* decision (discussed above) reaches a contrary result. Appeal Motion at p. 1. To the extent the decisions of other Circuit Courts of Appeal are relevant, the Appeal Motion fails to note that "the weight of the circuit authority has concluded that orders denying a motion to dismiss for bad faith or abuse are not appealable." *In*

*re Donovan,* 532 F.3d 1134, 1137 (11th Cir. 2008) (dismissing appeal for lack of jurisdiction).

Even in the Third Circuit, the question has been raised as to whether "our decision in *Brown*

should be reconsidered." *In re American Capital Equip., LLC*, 296 Fed. Appx. 270, 276 (3d Cir.

2008) (Jordan, J. concurring). But regardless of what other Circuit Courts may decide, *Phillips*

and *Greene County* remain controlling in the Fifth Circuit and, therefore, the Good Faith Order is

not a final order for purposes of appeal. *See generally Catlin v. United States*, 324 U.S. 229, 236

(considering the appeal of a motion to dismiss on jurisdictional grounds in a condemnation

proceeding: "But denial of a motion to dismiss, even when the motion is based upon

jurisdictional grounds, is not immediately reviewable.").

**D.      This Court Should Not Grant the Secured Creditors Permissive Leave To Appeal the Good Faith Order**

22.      "Interlocutory bankruptcy appeals should be limited to cases presenting

exceptional circumstances." *In re Royce Homes*, 466 B.R. at 94; *see also In re Hunt Int'l*

*Resources Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (leave to appeal an interlocutory order of a

bankruptcy judge should only be granted "where circumstances are present which justify

overriding the general policy of not allowing such appeals."). Interlocutory appeals are not

favored because they "interfere with the overriding goal of the bankruptcy system, expeditious

resolution of pressing economic difficulties." *Id*; *In re Avado Brands, Inc.*, 2007 WL 2241660, at

*2 (N.D. Tex. Aug. 3, 2007) ("Piecemeal appeals that serve only to extend the litigation are

discouraged…").

23.      Pursuant to 28 U.S.C. § 1292(b), a party seeking review of an interlocutory order

must show: (i) the order involves a controlling question of law; (ii) there is substantial ground for

difference of opinion respecting the correctness of the bankruptcy court's decision; and (iii) an

immediate appeal would materially advance the ultimate termination of the litigation. *In re*

*Royce Homes*, 466 B.R. at 94. The moving party has the burden of proving the existence of all three elements of § 1292(b), as well as "the burden of establishing … exceptional circumstances." *Id*.

24.     The Appeal Motion (at p. 7) acknowledges that "the district courts in the Fifth Circuit commonly apply the standard of 28 U.S.C. § 1292(b)" in determining whether to grant leave to appeal an interlocutory order. *See id*, 466 B.R. at 93-4 (lengthy string citation of cases applying § 1292(b) factors). The Appeal Motion also urges this Court to "consider other bases for granting leave to appeal," Appeal Motion at p. 8, although such "other bases" and their legal support are not actually described. Regardless, the Appeal Motion fails to persuade.

    **i.       The Court's Order Does Not Involve a Controlling Question of Law**

25.     "In the interlocutory appeal context, '[t]he [controlling] question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *In re Royce Homes*, 466 B.R. at 94 (citation omitted). Here, the Good Faith Order resolves the issue of whether the Debtors invoked the Bankruptcy Court's jurisdiction in good faith. *See* Tr. July 18, 2013 at 296:6-7; *see also* stated grounds for Motion to Dismiss, quoted in paragraph 16 above. Dismissal for cause is, inherently, an issue of fact, not law, based on the totality of the circumstances. *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072-73 (5th Cir. 1986). Where an order is heavily grounded in factual issues, it does not involve the required controlling questions of law. *AET Inc.*, 2007 WL 1644060 at *6.

26.     The Appeal Motion raises three separate alleged controlling questions of law.

27.     First, the Appeal Motion asserts that the Debtors have improperly argued that "the court may consider the financial condition of *non-debtors* whose assets are pledged *after the filing* in support of the debtor's reorganization." Appeal Motion at p. 8 (emphasis in original).

-11-

The Debtors have argued no such thing. At the First Day Hearing, this Court expressed concern as to its ability to force the Debtors' compliance with any adequate protection requirements. Tr. June 24, 2013 at 70:16-71:7. As an example, the Court suggested a "pledge of some assets," *id.* at 70:25, on the following basis: "But let's assume for a minute -- and I haven't heard the evidence -- that we can find a way to do adequate protection, I'm going to be probably unwilling to do that if I can't enforce my Adequate Protection Order against my own Debtor, and that's what I'm worried about." *Id.* at 72:23-73:2. After conferring with the Debtors, counsel referred to some Vantage Drilling shares owned by F3 Capital and informed the Court that "We believe and we will definitively confirm those shares will be made available for the purpose that you requested." *Id.* at 96:19-21.

28.     Thus, the issue of the relevance of the "Good Faith Property" has nothing to do with a question of law or with the "financial condition of non-debtors" but with the Court's ability to ensure compliance with court orders and various other matters. Good Faith Order at 3; *see also* Tr. July 18, 2013 at 309:22-310:1 ("I find that by bringing in that additional value the Debtors will create a pool of assets against which borrowings might reasonably be expected to be approved by the Bankruptcy Court on motion."). This is, therefore, a question of fact, not law, as to whether there are sufficient tangible connections to the U.S. – "skin in the game" – for this Court to feel comfortable that it can "ensure compliance with court orders."

29.     Second, the Appeal Motion cites *Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814 (5th Cir. 1991), for the proposition that this Court erred in agreeing with the Debtors "that a 'relaxed standard' should be applied 'in early stages of bankruptcy.'" Appeal Motion at p. 8. This argument has three flaws. First, it is simply not true that the Fifth Circuit in *Humble Place* even considered whether a relaxed standard did or did not apply, and it is hard to understand why the Secured Creditors would cite it for such proposition.

In fact, the debtor-appellant did not even argue in its brief that a relaxed standard, or any other form of "lighter" standard, should apply. *See* Brief of Appellants, 1991 WL 11251333. Second, this Court also said nothing about a "relaxed standard." Instead, this Court described the "good faith" standard as "somewhere more than futility, and probably more like is there a reasonable possibility that the Debtors can reorganize [based on] a totality of the circumstances measure." Tr. July 18, 2013 at 304:15-20. Third, this is, again, a question of fact, not law – whether dismissal was warranted based on the "totality of the circumstances."

30.    <u>Third</u>, the Appeal Motion asserts that: "No controlling case law supports the right of a foreign debtor to obtain bankruptcy relief based on insubstantial assets; assets acquired or placed in the U.S. immediately prior to commencement; or other evidence of manufactured venue or jurisdiction." Appeal Motion at p. 9. If by this statement the Secured Creditors are asserting that the Fifth Circuit Court of Appeals has not had occasion to say that 28 U.S.C § 1334 and Bankruptcy Code § 109 mean what they say, perhaps they are correct. But it is non-sensical to infer from that that there is, therefore, a legitimate "difference of opinion" as to whether 28 U.S.C § 1334 and Bankruptcy Code § 109 do, in fact, mean what they say. As stated succinctly by this Court: "Although I don't really like the fact that simply the existence of property in the United States can be jurisdictional in terms of eligibility, the -- 100 percent of the cases that have made this decision have said that it can be." Tr. June 24, 2013 at 236:11-15; *see*, *e.g.*, *In re Yukos Oil Co.*, 320 B.R. 130, 132-33 (Bankr. S.D. Tex. 2004) ("For a foreign corporation to qualify as a debtor under 11 U.S.C. § 109(a), courts have required that nominal amounts of property be located in the United States. The courts have noted that there is "virtually no formal barrier" to having federal courts adjudicate foreign debtors' bankruptcy proceedings…. Thus, the court concludes that it has jurisdiction with respect to the instant Chapter 11 case.").

31.     The Secured Creditors implicitly challenge this Court's "100%" analysis by citing to a single case, *In re Head*, 223 B.R. 648 (Bankr. W.D.N.Y. 1998). However, again, it is a curiosity that that the Secured Creditors have chosen to cite a case that does not stand for the proposition for which it is cited. Instead, *Head* stands for the completely unremarkable proposition that, if a debtor has *no property at all* in the U.S., it is not eligible for relief under Bankruptcy Code § 109: "The fact that the obligee is in the U.S. does not equate to having property in the U.S." 223 B.R. at 652.

### ii.     There is No Substantial Ground for Difference of Opinion

32.     The "substantial ground for difference of opinion" element "refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party." *In re Avado Brands, Inc.*, 2007 WL 2241660 at \*3. Mere lack of authority on a disputed issue or that the issue is rare or unusual does not automatically establish a substantial ground for difference of opinions. *Id*. The Secured Creditors' allege there is substantial ground for difference of opinion because, essentially, the Secured Creditors have a different opinion than this Court. However, as discussed in the preceding section, no other court has a different opinion than this Court in terms of the relevant legal standards. Thus, there is no "unsettled state of law or judicial opinion," just a disagreement by the Secured Creditors as to this Court's application of the facts to the law.

### iii.    An Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

33.     The Secured Creditors assert that interlocutory appeal will "materially advance the ultimate termination of litigation" because it will result in dismissal of the remaining Debtors' bankruptcies. Appeal Motion at p. 10. This requires immediate appellate review because, they allege, "[t]he Secured Creditors' assets are placed at serious risk by the Dismissal Order, which deprives them of their ability to enforce their contractual right to seize their

collateral." Appeal Motion at pp. 9-10. In other words, the Secured Creditors object to the automatic stay.

34.     Further, the Secured Creditors make their bald statement of "serious risk" without citing to a single supporting fact that would demonstrate that, somehow, there exist "exceptional circumstances" such that the continuation of the automatic stay uniquely damages them. Unsupported conclusory statements are both inadequate and unconvincing in establishing whether it is appropriate to grant leave to pursue an interlocutory appeal. *In re Hunt Int'l*, 57 B.R. at 373. Further, as discussed above, the Good Faith Order was based on the totality of the circumstances and specific factual determinations of the Court, including assessing the credibility of the Debtors' witnesses. A court's "finding that [a debtor's] Chapter 11 petition was not filed 'in good faith' is one of fact" and, therefore, subject to review under the "abuse of discretion" standard. *In re Humble Place*, 936 F.2d at 816. "Factual findings based on determinations regarding the credibility of witnesses demand even greater deference because only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *In re Renaissance Hospital Grand Prairie Inc.*, 713 F.3d 285, 293 (5th Cir. 2013) (internal citations omitted).

35.     If the potential effects of the automatic stay were a sufficient ground to demonstrate "exceptional circumstances" justifying permissive leave to appeal, then this third element of the § 1292(b) standard would be present in every appeal by every secured creditor from a denied motion to dismiss, a denied motion for relief from stay or a denied adequate protection request. This would be the opposite of "exceptional circumstances."

## IV.    CONCLUSION

36.    The Secured Creditors cannot appeal from decisions entered well more than 14 days before they filed their Notice of Appeal. The Secured Creditors cannot assert issues on appeal that were not decided in the order they are seeking leave to appeal from. The Secured Creditors cannot demonstrate an intensively factual determination based on the totality of the circumstances "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Secured Creditors cannot demonstrate that the effects of the automatic stay present "exceptional circumstances."

WHEREFORE, the Debtors respectfully request that this Court deny the Secured Creditors' Statement of Secured Creditors in Support of Appeals as of Right and Motion in the Alternative for Leave to Appeal and grant the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ William A. (Trey) Wood III*
      William A. (Trey) Wood III
      Texas Bar No. 21916050
      Trey.Wood@bgllp.com
      Jason G. Cohen
      Texas Bar No. 24050435
      Jason.Cohen@bgllp.com
      711 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone: (713) 223-2300
      Facsimile: (713) 221-1212

      -and-

      Evan Flaschen
      (*Pro hac vice*)
      Evan.Flaschen@bgllp.com

Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201

-and-

Robert G. Burns
(*Pro hac vice*)
Robert.Burns@bgllp.com
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION**