

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/29/2013

| | | |
|---|---|---|
| IN RE: | § | |
| TMT PROCUREMENT CORPORATION | § | CASE NO: 13-33763 |
| | § | |
| A WHALE CORPORATION | § | CASE NO: 13-33741 |
| | § | |
| B WHALE CORPORATION | § | CASE NO: 13-33742 |
| | § | |
| C WHALE CORPORATION | § | CASE NO: 13-33743 |
| | § | |
| D WHALE CORPORATION | § | CASE NO: 13-33744 |
| | § | |
| E WHALE CORPORATION | § | CASE NO: 13-33745 |
| | § | |
| G WHALE CORPORATION | § | CASE NO: 13-33746 |
| | § | |
| H WHALE CORPORATION | § | CASE NO: 13-33747 |
| | § | |
| A DUCKLING CORPORATION | § | CASE NO: 13-33748 |
| | § | |
| F ELEPHANT INC. | § | CASE NO: 13-33750 |
| | § | |
| A LADYBUG CORPORATION | § | CASE NO: 13-33751 |
| | § | |
| C LADYBUG CORPORATION | § | CASE NO: 13-33752 |
| | § | |
| D LADYBUG CORPORATION | § | CASE NO: 13-33754 |
| | § | |
| A HANDY CORPORATION | § | CASE NO: 13-33755 |
| | § | |
| B HANDY CORPORATION | § | CASE NO: 13-33756 |
| | § | |
| C HANDY CORPORATION | § | CASE NO: 13-33757 |
| | § | |
| B MAX CORPORATION | § | CASE NO: 13-33758 |
| | § | |
| NEW FLAGSHIP INVESTMENT CO LTD | § | CASE NO: 13-33759 |
| | § | |
| RORO LINE CORPORATION | § | CASE NO: 13-33760 |
| | § | |
| UGLY DUCKLING HOLDING CORPORATION | § § § | CASE NO: 13-33761 |

| | | |
|---|---|---|
| **GREAT ELEPHANT CORPORATION** | § | **CASE NO: 13-33762** |
| | § | **Jointly Administered Order** |
| Debtor(s) | § | |
| | § | **CHAPTER 11** |

## ORDER AUTHORIZING USE OF CASH COLLATERAL

The purpose of this Order is to enable C Whale Corporation to seek the release of the C Whale vessel from arrest in Singapore. Subject to the following, C Whale Corporation is authorized to use not more than $2,950,000.00 of cash collateral held by Mega Bank to obtain the release of its vessel:

### Section A. Use of Funds

1. Subject to paragraph 2 of this section A, C Whale Corporation may utilize funds to the extent that such funds will result in the release of the C Whale vessel pursuant to an order of the Singaporean Court. If C Whale vessel is under arrest in Singapore by any party, and a Singaporean Court has not ordered the release of the vessel from that arrest, no further disbursements may be made under the terms of this Order.

2. Funds may be utilized only for the following:

   a. Payment of port charges, in an amount determined by the Maritime Port Authority of Singapore and directed by the Sheriff.

   b. Payment of the Sheriff's fees, costs and expenses, in accordance with Singaporean law. For the purposes of clarity, these costs and expenses may (but are not required to) include charges incurred by the Sheriff for the purchases of bunkers and other supplies.

   c. Notwithstanding the foregoing paragraph 2(b), C Whale Corporation is not authorized to pay for bunkers or other supplies purchased directly by C Whale Corporation or its affiliates.

   d. The payment to third parties (including without limitation, KPI, for example) by the Sheriff shall not validate any actions taken by such third party in violation of the automatic stay nor estop C Whale Corporation or its assigns from bringing an appropriate action for violation of the stay.

   e. Payment of pre-petition crew wages and other crew expenses to the crew but not payment of crew wages or other crew expenses to a manning agency, and only to the extent required for release of the C Whale vessel as directed by the Sheriff.

   f. Payment of post-petition crew wages and other crew expenses to the crew or to a manning agency.

### Section B. Protections for Mega Bank

The Court finds that Mega Bank is entitled to adequate protection for the use of its cash collateral, as follows:

1. Mega Bank is granted a super priority lien, senior to all other claimants and lien holders against the C Whale vessel and the C Whale Corporation's other assets no matter how asserted, for all preservation liens that would exist and be paid in the event of a sale of the C Whale vessel pursuant to an Order of the Singaporean Court.

2. Mega Bank is granted a super priority lien, senior to all other claimants and lien holders against the C Whale vessel and the C Whale Corporation's other assets no matter how asserted, to the extent of its expenses that would have been ordered to be paid out of the sales proceeds as its rights would have existed in the event of a hypothetical sale under Singaporean law if such sale had occurred on August 28, 2013.

3. Mega Bank is subrogated to the claims and liens against the C Whale vessel and the C Whale Corporation of the holders of the claims of the Sheriff and of the holder of the claims for the port charges, as such claims and liens would exist against the proceeds of any sale in the event of a hypothetical sale under Singaporean law if such sale had occurred on August 28, 2013. These rights of subrogation are further secured by a super priority lien, senior to all other claimants and lien holders against the C Whale vessel and the C Whale Corporation no matter how asserted.

4. Mega Bank is granted a lien on C Whale Corporation's § 362 claims, if any, against KPI. Mega Bank is authorized to prosecute such a claim on behalf of the estate. If proceeds are collected from such a claim, the proceeds will become Mega Bank's cash collateral to the extent of any expenditure of cash collateral under this Order, which cash collateral may be expended only with Mega Bank's consent or by further Court order.

5. Mega Bank is granted a cash collateral lien on all revenues and proceeds of the C Whale vessel to the extent of any required adequate protection, which cash collateral may be expended only with Mega Bank's consent or by further Court order. Provided, after notice and hearing, the Court may alter the adequate protection provided in this paragraph for the purposes of enabling a debtor-in-possession financing if (i) the proposed debtor-in-possession financing provides a material benefit to C Whale Corporation; and (ii) Mega Bank is adequately protected without the necessity of the adequate protection in this paragraph; and (iii) the alteration is warranted under all facts and circumstances then presented. The burden of proof on all of these requirements will be on C Whale Corporation. Mega Bank's rights and protections, if any, under § 552 are not impaired by this provision.

6. Section 507(b) applies to the protections granted to Mega Bank under this Order. These § 507(b) claims are entitled to the protections set forth in this Court's August 26, 2013, Order entered at ECF #323.

If the C Whale vessel is sold, the rights granted herein shall extend to the proceeds of any such sale.

In addition to the foregoing, C Whale Corporation and its affiliates are prohibited from moving the C Whale vessel out of the Port of Singapore, unless the Court authorizes the movement of the C Whale vessel by future written order.

### Section C. Automatic Stay

The automatic stay arising under § 362 of the Bankruptcy Code is modified, as follows:

1. Mega Bank may fully participate in the hearings in Singapore with respect to the determination of the items and the amounts that must be paid in order to obtain the release of the C Whale vessel; provided, that Mega Bank may not argue that additional items should be paid or that the amounts that should be paid should be increased. For the purposes of clarity, and subject to paragraph 3 of this section C, the automatic stay is *not* modified to allow Mega Bank to argue to the Singaporean Court (i) that a sale should occur; or (ii) that the vessel should not be released; or (iii) that the Singaporean Court should not further stay its own proceedings.

2. If the Singaporean Court determines that the C Whale vessel should be released, then the automatic stay otherwise remains in full force and effect.

3. The automatic stay is terminated to allow Mega Bank to exercise its rights and remedies only if:

   A. The Singaporean Court does not order the release of the C Whale vessel; and

   B. The Singaporean Court does not further stay its own proceedings.

4. The Court makes no findings of fact or conclusions of law with respect to the Debtors' Emergency Motion to Enforce Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code Enforcing and Restating Automatic Stay and Ipso Facto Provisions [Dkt. No. 261] as it relates to the C Whale vessel. As to the C Whale vessel, that motion is withdrawn without prejudice. All rights of the parties are reserved with respect to the motion and the automatic stay.

5. If the vessel is released, all persons and entities are barred by this Court, pursuant to the automatic stay of the United States Bankruptcy Code, from arresting the C Whale vessel, without further order of this Court.

August 29, 2013.

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE