IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORPORATION, | § | Civil Action No.: 13-2301 |
| et al.,[1] | § | Bankr. Case No.: 13-33763 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**SUPPLEMENT TO EMERGENCY MOTION OF MEGA INTERNATIONAL COMMERCIAL BANK CO., LTD., PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D) FOR ENTRY OF ORDER GRANTING RELIEF FROM AUTOMATIC STAY (*M/V A LADYBUG* ONLY)**

TO THE HONORABLE LYNN N. HUGHES, UNITED STATES DISTRICT JUDGE:

1.  Mega International Commercial Bank Co., Ltd. ("**Mega Bank**"), through its undersigned counsel, hereby files this supplement (the "**Supplement**") to the *Emergency Motion of Mega International Commercial Bank Co., Ltd., Pursuant to 11 U.S.C. §§ 105(a) and 362(d) for Entry of Order Granting Relief from Automatic Stay* [Bankr. Dkt. No. 309] [Civ. Action Dkt. No. 65-4] (the "**Motion for Relief**"), with respect to the *M/V A Ladybug* only.

2.  Since the filing of Mega Bank's *Emergency Motion to Schedule Hearing on Emergency Motion of Mega International Commercial Bank Co., Ltd., Pursuant to 11 U.S.C. §§ 105(a) and 362(d) for Entry of Order Granting Relief from Automatic Stay (*M/V A Ladybug only*)* [Bankr. Dkt. No. 471] [Civ. Action Dkt. No. 65] (the "**Emergency Scheduling Motion**"), Mega Bank has learned that the *M/V A Ladybug* (the "**Vessel**"), even to this day, remains with

---

[1] The Debtors in these Chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

the salvor in possession, Mega Tugs, and connected to the *M/V Spinola*, a tug boat. Even worse, the Vessel will remain with Mega Tugs and connected to the *M/V Spinola*, increasing the size and magnitude of the salvage claim daily, at least until (i) the Vessel has adequate fuel to use its main engine to maneuver as necessary on account of weather, current, traffic, and other sea conditions and (ii) it is fitted with a new anchor to replace its ruined and unsafe port anchor, which was damaged and rendered unusable under the ownership of the Debtors and non-Debtor affiliates.

3. As a result, and despite resistance from the Debtors, Mega Tugs was required, in order to comply with the Maltese authorities, to ensure the Vessel had fuel and capabilities of securing itself from drifting into other marine traffic, the shoreline, or other property as the salvor of the Vessel. Mega Tugs, therefore, arranged for the provision of 50 MT of bunkers to the Vessel (*i.e.*, the "casualty") on September 20, 2013. Mega Tugs also purchased a massive, new anchor, which was loaded on board a second salvage tug, the *M/V Ionion Pelagos*, on September 20, 2013, in Piraeus, Greece, for delivery to the Vessel. Attached as Exhibit A are details of the new anchor, including specifications, pictures, and an inspection certificate.

4. The communications reflect that the Debtors have resisted the supply of a new anchor and bunkers: on or about Saturday, September 21, 2013, Captain S.V. Ramanayya of non-Debtor affiliate company, NOS Shipmanagement Pte Ltd. ("**NOS**"),[2] requested the salvor to defer the provision of the replacement anchor and bunkers. Despite the current unsafe conditions, NOS's Captain stated that the replacement anchor is not the correct design and that bunkers would be provided on Monday, September 23, 2013, after the Moon Festival, a holiday in Taiwan, among other countries. Attached as Exhibit B is a copy of an email from Capt.

---

[2] The Debtors have identified NOS as a non-Debtor affiliate. On information and belief, NOS is the shipmanager of the Vessel.

2

Ramanayya to Adrian Goodger of Samuel Stewart & Co., the salvage broker ("**Samuel Stewart**").

5.  In response, Mega Tugs (via Samuel Stewart) stated as follows: "Regrettably, you fail to understand the gravity of the situation and the dangers/risks for your vessel." As for bunkers, Mega Tugs correctly noted that "vessels in distress cannot wait for holidays to end before they get assistance." As for the replacement anchor, Mega Tugs reminded Capt. Ramanayya of NOS that Mega Tugs, as salvor in possession, has the obligation and duty to perform services considered necessary for the safety of the Vessel. Mega Tugs stated that the damaged anchors (the port anchor, in particular) "are unable to hold the [V]essel in winds of Bf4-5"—winds described as "moderate breeze" to "fresh breeze" on the Beaufort wind force scale—which "are not uncommon especially in this period." Mega Tugs further stated that "there is no lay-by berth available in Malta and the local authority (Transport Malta) has confirmed that in view of the current condition of the [V]essel (damaged anchors etc) and her high freeboard they consider the Malta anchorage unsafe." As a result, Mega Tugs stated that it acted within its rights by purchasing a replacement anchor, at its discretion, to assist the Vessel in holding its position. Attached as Exhibit C is a copy of an email from Adrian Goodger of Samuel Stewart to Capt. Ramanayya.

6.  The cost of the replacement anchor, Mega Tugs alleges, will be absorbed within the salvage award against the Vessel. Mega Tugs again raises the possibility that the only alternative to the emergency provision of bunkers and the replacement anchor would be to tow the Vessel "to another anchorage or berth outside Malta." See Exhibit C.

7.  The Debtors have not provided any security to Mega Tugs in relation to any salvage operation, and, therefore, it would not be surprising that a third postpetition arrest—in addition to the arrests of the crew and of Transport Malta—will occur imminently.

8.  Given the foregoing, Mega Bank continues to believe that the Debtors are and will remain wholly incapable of providing adequate protection for Mega Bank's interests in the Vessel. Had Mega Bank been able to assert its rights and remedies against the Vessel earlier, Mega Bank would have acted swiftly to ensure adequate bunker provisions, to prevent the Vessel from becoming casualty on a second occasion, and to prevent the resultant, needless waste to the Vessel. Significant salvage costs and charges, in an amount to be awarded by the two arbitration panels that will have to be convened under the Lloyds procedures for the LOF to address the two salvage operations,[3] should not have been incurred nor would such costs have primed and thus harmed the mortgage of Mega Bank.

*[remainder of page intentionally left blank]*

---

[3] The Salvage Award for each salvage operation will be assessed based on the dangers involved, the risk of harm to the vessel, the danger to the tug, the circumstances and conditions, the efforts of the tug, time involved, expenses incurred, and more. It is anticipated these charges will cost several million dollars (US$) or more.

Respectfully submitted this 24th day of September, 2013,

**MAYER BROWN LLP**

By: /s/ Charles S. Kelley
Charles S. Kelley
State Bar No. 11199580
Southern District of Texas Bar No. 15344
700 Louisiana Street, Suite 3400

Houston, TX 77002-2730
Telephone: 713 238-3000
Facsimile: 713 238-4888
Email: ckelley@mayerbrown.com

*and*

Frederick D. Hyman (admitted *pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Telephone No.: 212 506-2500
Facsimile No.: 212 262-1910
Email: fhyman@mayerbrown.com

*Attorneys for Mega International*
*Commercial Bank Co., Ltd.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, a true and correct copy of the aforementioned Supplement was served on all parties entitled to receive electronic notice in these Cases by the Electronic Case Filing system and on all parties listed below by electronic mail.

Counsel to Debtors
William A. (Trey) Wood, III
Jason G. Cohen
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, TX 77002
trey.wood@bgllp.com
jason.cohen@bgllp.com

Evan D. Flaschen
BRACEWELL & GIULIANI LLP
225 Asylum Street, Suite 2600
Hartford, CT 06103-1516
evan.flaschen@bgllp.com

Robert G. Burns
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, NY 10020-1104
bob.burns@bgllp.com

United States Trustee
Christine March
Office of the U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002
christine.a.march@usdoj.gov

Proposed Co-Counsel to Committee
John R. Ashmead
Benjamin Blaustein
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
blaustein@sewkis.com

Craig A. Wolfe
James S. Carr
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
cwolfe@kelleydrye.com
jcarr@kelleydrye.com

Other Notice Parties
David W. Parham
John E. Mitchell
Rosa A. Shirley
BAKER McKENZIE LLP
2001 Ross Ave, Ste 2300
Dallas, TX 75201
david.parham@bakermckenzie.com
john.mitchell@bakermckenzie.com
rosa.shirley@bakermckenzie.com

John P. Melko
Peter A. McLauchlan
Clinton R. Snow
Anacarolina Estaba
Orin H. Lewis
Stacy R. Obenhaus
GARDERE WYNNE SEWELL LLP
1000 Louisiana Street, Ste 3400
Houston, TX 77002
jmelko@gardere.com
pmclauchlan@gardere.com
csnow@gardere.com
aestaba@gardere.com
olewis@gardere.com
sobenhaus@gardere.com

| | |
|---|---|
| Eli O. Columbus<br>Sean B. Davis<br>Weiting Hsu<br>WINSTEAD PC<br>500 Winstead Building<br>2728 N. Harwood Street<br>Dallas, TX 75201<br>ecolumbus@winstead.com<br>sbdavis@winstead.com<br>whsu@winstead.com<br><br>William R. Greendyke<br>FULBRIGHT & JAWORSKI LLP<br>2200 Ross Ave, Suite 2800<br>Dallas, TX 75201<br>william.greendyke@nortonrosefulbright.com<br><br>Jason L. Boland<br>Mark A. Worden<br>Robert A. Black<br>FULBRIGHT JAWORSKI LLP<br>1301 McKinney, Ste 4100<br>Houston, TX 77010<br>jboland@fulbright.com<br>mworden@fulbright.com<br>rblack@fulbright.com | Robin C. Gibbs<br>Angus J. Dodson<br>David M. Sheeren<br>GIBBS & BRUNS LLP<br>1100 Louisiana, Ste 5300<br>Houston, TX 77002<br>rgibbs@gibbsbruns.com<br>jdodson@gibbsbruns.com<br>dsheeren@gibbsbruns.com<br><br>Vidal G. Martinez<br>MARTINEZ PARTNERS LLP<br>One Riverway, Suite 1700<br>Houston, TX 77056<br>vidal@martinez.net<br><br>Dr. Ann Fenech<br>FENECH & FENECH ADVOCATES<br>198, Old Bakery Street<br>Valletta VLT1455<br>Malta<br>ann.fenech@fenlex.com |

Date:   September 24, 2013        /s/ Charles S. Kelley
         Houston, Texas              Charles S. Kelley