## **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORPORATION, | § | Case No. 13-33763 |
| et al' | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

### DECLARATION OF JIN YU-LAI REGARDING M/V A DUCKLING

I, Jin Yu-Lai, pursuant to 28 U.S.C. § 1746, declare the following:

1. I have been a lawyer and a member of Shanghai Bar Association and China Bar Association since 1987. I graduated from East China University of Politics and Law in Shanghai, China with LL.B degree and LL.M degree. Mandarin is my native language, but I also read and write English proficiently. I joined and worked in the legal department of CCPIT, Shanghai Branch upon graduation in 1986 and acted as the director of business department of Shanghai International Economic & Trade Law Firm until 1998. In 1998 I founded the Shanghai Kai-Rong Law Firm and continue to serve as the managing partner presently. My practice covers a number of the legal aspects of international trade, maritime, aviation, contracts and dispute resolution. In particular, my maritime law practice includes charter, shipbuilding and construction, sale of used vessel, bill of lading disputes, the legal and judicial aspects of maritime and sea borne transportation insurances, collision accidents and liabilities of the respective parties involved in litigation and arbitration. I am experienced in and familiar with the Chinese judicial system of all levels insofar as it applies to maritime related matters governed by international conventions and customs, Chinese law and the legal procedures and remedies available, including several cases which have been heard in the Supreme Court of China and being invited by Supreme Court as expert to provide comments on judicial interpretation and practice. I am also an arbitrator of China Maritime Arbitration Commission and was appointed as arbitrator (including presiding arbitrator) in many maritime arbitration cases.



2. We were instructed by A Duckling Corporation to act as its legal counsel in respect of the relevant arrest proceedings against the M/V A Duckling, the sole vessel owned by A Duckling Corporation (the "Vessel"), before Qingdao Maritime Court styled respectively as [2013] QINGHAIFABAOZI No. 170 (in Chinese "[2013]青海法保字第170号"), [2013] QINGHAIFABAOZI No. 178 (in Chinese "[2013]青海法保字第178号"), and [2013] QINGHAIFABAOZI No. 227) (in Chinese "[2013]青海法保字第227号"), commenced respectively by Zhejiang Eastern Shipyard Co., Ltd ("ZESCO") and Xiamen Hailong Manning Services Co., Ltd ("Hailong"), the arbitration procedure by ZESCO against A Duckling Corporation at the Shanghai Sub-Commission of China Maritime Arbitration Commission ("CMAC Shanghai"), and the litigation by Hailong against A Duckling Corporation and TMT Co., LTD at Xiamen Maritime Court [1] (collectively the "PRC Proceedings"). Our role in the PRC proceedings, up to now, includes providing legal opinions to A Duckling Corporation in respect of the arrests, litigation and arbitration, helping contact and negotiate with ZESCO, Hailong, Qingdao Maritime Court, Xiamen Maritime Court and CMAC Shanghai, helping draft relevant motion, objection and defences and so on.

3. We learnt from the Qingdao Maritime Court that on September 30, 2013, the Court made a Civil Order to allow the auction of the arrested M/V "A Duckling". The Civil Order was sent both to the master of the vessel in person, and to A Duckling Corporation through courier/ expressage.

4. In accordance with the Special Maritime Procedural Law of PRC, if A Duckling Corporation is dissatisfied with such an order, it may within 5 days after receipt thereof, apply for review not more than once. The maritime court shall, within 5 days after receipt of the application therefor, give the result of the review. During the period of review, execution of the order shall be suspended.

5. A Duckling Corporation filed an application for review of the order for auction with the Qingdao Maritime Court on October 09, 2013, and the court is to receive the same on about

---

[1] Hailong later applied to the Xiamen Maritime Court to move the case to Qingdao Maritime Court, and now the litigation is pending in Qingdao Maritime Court.





October 14, 2013. The Quingdao Maritime Court is expected to give the result of its review within 5 days after receipt of the same, i.e, on about October 19, 2013, or earlier.

6. However, as the vessel have been arrested for several months, with costs and expenses accruing every day, and no progress by A Duckling Corporation in either settlement with the applicants or providing bank guaranty, it's highly possible that the court will not accept our objection to auction.

7. To stop the execution of the order and get the vessel released, A Duckling Corporation will have to either settle with the applicants ZESCO and Hailong, or give a bank guaranty with amount acceptable to the court. Costs and expenses incurred by M/V "A Duckling" will have to be paid also.

8. If court decides to execute the Order for auction, it will issue an announcement in newspapers or other news media of overseas distribution, and designate a ship auction committee to arrange the assessment and evaluation of the ship and arrange and preside over the auction.

9. In distribution of the proceeds from auction of a ship, the legal costs to be borne by the person liable, expenses incurred in order to preserve the ship or to procure its auction and to distribute the proceeds from the auction, as well as other expenses incurred in the common interest of the creditors, shall first be paid out of the proceeds from such auction. Secondly, maritime claims entitled to maritime liens, such as payment claims for wages, shall be paid. Thirdly, claims with security / mortgage over the ship will be paid. Lastly, claims without priority or security will be settled.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th of October 2013, at Shanghai, P.R. C.

Jin Yu-Lai 

Shanghai Kai-Rong Law Firm


