## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORPORATION, | § | Case No. 13-33763 |
| *et al.*,[1] | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER CONCERNING LENDERS' NOTICES OF DEPOSITION OF MESSRS. CHANG, GOMI & TIEN

**EMERGENCY RELIEF HAS BEEN REQUESTED. THE COURT WILL CONSIDER WHETHER TO CONSIDER THIS MOTION ON AN EMERGENCY BASIS ON OCTOBER 15, 2013 AT 1:30 P.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TX 77002. IF EMERGENCY CONSIDERATION IS GRANTED, THE COURT MAY IMMEDIATELY PROCEED WITH THE HEARING.**

TMT Procurement Corporation, *et al*., the above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned attorneys, file this Emergency Motion for Protective Order Concerning Lenders' Notices of Deposition of Messrs. Chang, Gomi and Tien (the "Motion") and in support thereof, respectfully represent as follows:

### I.  RELEVANT BACKGROUND

1.    On September 21, 2013, Lenders' counsel sent to Debtors' counsel notices to depose Messrs. Chang, Gomi and Tien. On September 23, 2013, the Debtors filed with the District Court a motion for a protective order concerning the Lenders' three deposition notices,

---

[1]  The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

which motion the Debtors incorporate to this Motion by reference. *See* Dkt. No. 473. On September 25, 2013, the District Court ordered the Lenders **not** to depose Messrs. Chang, Gomi and Tien. *See* Management Order, Case 4:13-cv-02301, Doc. 88, Sept. 25, 2013, attached as **Exhibit A**. Instead, the District Court ordered the Lenders to submit 32 specific questions to the Debtors and ordered the Debtors to answer each of those questions within 48 hours. *See id.*; *see also* Tr. Sept. 25, 2013 at 21:21-22 & 22:18-23:1, attached as **Exhibit B**. The Lenders submitted 31 questions (*see* **Exhibit C** attached) and the Debtors timely and completely answered each of those 31 questions.

2.      On October 13, 2013, counsel to First Commercial Bank Co., Ltd., Cathay United Bank, Bank Sinopac, and Mega International Commercial Bank Co., Ltd. emailed to Debtors' counsel a joint notice to depose Mr. Howard Tien. *See* attached **Exhibit D**.

3.      On October 13, 2013, counsel to Cathay Bank and Mega Bank emailed to Debtors' counsel a notice to depose Mr. Toshi Gomi or an individual acting as line manager of RoRo Line Corporation or with respect to the *M.V. A Ladybug*, *M.V. C Ladybug* or *M.V. D Ladybug*. *See* attached **Exhibit E**.

4.      On October 14, 2013, counsel to Shanghai Commercial and Saving Bank emailed to Debtors' counsel a notice to depose Mr. T.C. Chang. *See* attached **Exhibit F**.

## II.  THESE DEPOSITIONS SHOULD BE PROHIBITED

5.      The Debtors move for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(A) forbidding all three depositions.

6.      The Lenders already sought to depose these three employees last month and the District Court ordered the Lenders **not** to depose them. *See* Ex. A.

#4389258

7.      Even if the Lenders are now seeking these depositions in connection with a different hearing[2] than the October 8, 2013 re-adjudication hearing in the District Court, the issues for which discovery is being sought by the Lenders continue to be the same and the District Court has already ruled on the matter.

8.      The Lenders took five depositions in connection with the original good faith hearing and share valuation hearing. The Debtors have also responded to five separate formal requests for production and numerous informal requests for production with over 20,000 pages of Bates-stamped documents and an extranet site with close to one thousand non-Bates stamped pages. The Debtors also complied with the District Court Management Order dated September 25, 2013 and timely answered (within 48 hours) each of the 31 questions submitted by the Lenders. The Lenders have not expressed any dissatisfaction with the completeness of the information that the Debtors provided.

9.      These renewed deposition requests are "unreasonably cumulative and duplicative" and, particularly given the extranet and continuing production, answers can be obtained "from some other source that is more convenient, less burdensome or less expensive". Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the Lenders seek discovery that they already "ha[ve] had ample opportunity to obtain" through their extensive discovery in advance of the hearings on good faith and the share escrow. Fed. R. Civ. P. 26(b)(2)(C)(ii). Lastly, these depositions would impose a "burden or expense [that] outweighs its likely benefit" because the Lenders can obtain the

_____

[2] The Lenders state in their respective notices that the depositions are in connection with the Emergency Motion for an Order (I) Authorizing the Debtors to Use Cash Collateral of Existing Secured Lenders, (II) Granting Adequate Protection for Use Thereof, and (III) Scheduling Final Hearing [Dkt. No. 13]; and the interim and final hearings on the Debtors' Emergency Motion for Debtor in Possession Post Petition Secured Financing and Related Relief [Dkt. No. 491].

#4389258

information they seek from other available sources without the need to have three Asian-based deponents travel in excess of 20 hours. Fed. R. Civ. P. 26(b)(2)(C)(iii).

10.     For the foregoing reasons, the three depositions should be prohibited. *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1).

11.     The Debtors seek the relief requested in this Motion on an emergency basis because the proposed depositions are currently scheduled for October 18, 2013 at 9:00 a.m. in Houston, Texas and there is substantial travel time involved for the proposed deponents. Were this Court to authorize the Lenders to proceed with the depositions, the deponents would need to travel from Asia to Houston, which actual travel time is approximately 22 hours. Additionally, the Debtors would need to arrange for an interpreter.

### III.  CERTIFICATION

12.     The Debtors have conferred in good faith with the Lenders that have issued the notices of deposition. The parties have not been able to resolve the dispute without Court action.

WHEREFORE, premises considered, the Debtors request that this Court enter an order forbidding the proposed depositions, and granting such other and further relief as the Court may deem just and proper.

#4389258

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:   /s/ William A. (Trey) Wood III
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone: (713) 223-2300
        Facsimile: (713) 221-1212

           -and-

        Evan Flaschen
        (*pro hac vice*)
        Evan.Flaschen@bgllp.com
        Goodwin Square
        225 Asylum Street, Suite 2600
        Hartford, CT 06103
        Telephone: (860) 947-9000
        Facsimile: (860) 246-3201

           -and-

        Robert G. Burns
        (*pro hac vice*)
        Robert.Burns@bgllp.com
        1251 Avenue of Americas, 49th Floor
        New York, New York 10020-1104
        Telephone: (212) 508-6100
        Facsimile: (800) 404-3970

        **COUNSEL FOR THE DEBTORS
        AND DEBTORS IN POSSESSION**

#4389258

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 15, 2013, a true and correct copy of this document was served on all the parties on the attached master service list by electronic means and/or as listed on the court's ECF noticing system.

*/s/ Jason G. Cohen*
_____

Jason G. Cohen

#4389258