IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **TMT PROCUREMENT CORP.,** *et al.*,[1] § | | **Case No. 13-33763** |
| § | | |
| § | | |
| **DEBTORS.** § | | **Jointly Administered** |

**EMERGENCY MOTION FOR RELEASE OF THE *M.V. FORTUNE ELEPHANT* AND REQUEST TO USE CASH COLLATERAL AND/OR DIP FUNDS TO SATISFY COSTS**

**EMERGENCY RELIEF HAS BEEN REQUESTED. THE COURT WILL CONSIDER WHETHER TO CONSIDER THIS MOTION ON AN EMERGENCY BASIS ON NOVEMBER 25, 2013, AT 1:30 P.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TX 77002. IF EMERGENCY CONSIDERATION IS GRANTED, THE COURT MAY IMMEDIATELY PROCEED WITH THE HEARING.**

### I. JURISDICTION

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

2. On or about May 10, 2013, Cathay United Bank ("Cathay Bank") arrested the *M.V. Fortune Elephant*, a pure VLCC vessel (the "*Fortune Elephant*" or the "Vessel") by commencing *Cathay United Bank v. The Owners of the Ship or Vessel "Fortune Elephant"*, Admiralty *in rem* No. 128 of 2013 ("ADM 128" or the "Arrest Proceeding") in the High Court of

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

Singapore (the "Singapore Court").  Cathay Bank commenced the Arrest Proceeding in respect of the principal sum of $65,675,590.38, purportedly due and owing to it under that certain First Preferred Marshall Islands Ship Mortgage, dated January 3, 2011.

3.  A few days later, on May 13, 2013, BP Taiwan Marketing Limited and BP Marine Limited filed caveats against the release of the *Fortune Elephant*.  The next day, on May 14, 2013, the crew for the *Fortune Elephant* filed a caveat against the Vessel in respect of approximately $77,865.87 due and owing for accrued wages.  The crew later filed an arrest action against the Vessel.

4.  On June 20, 2013, (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession.  No trustees or examiners have been appointed in these cases.

5.  While at anchorage under arrest, the *Fortune Elephant* has accrued fees and expenses in the aggregate amount of approximately USD$2,200,000, including, among other things, sheriff's fees and costs, agency fees, guard charges and port charges.  Meanwhile, the opportunity costs of lost revenue continue to mount.

6.  After obtaining cash collateral use on a contested basis, the Debtors have now paid the crew the outstanding wages that formed the basis of their caveat and arrest and are working with counsel for the crew to resolve all matters.  Additionally, the Debtors are in discussions with BP, which has a large U.S. presence, and believes that it will release its caveats

from the *Fortune Elephant* upon Cathay Bank releasing its arrest.  By way of example and past experience, BP agreed to, and did, make the same agreement with regard to the *C Whale*.

7.      On October 9, 2013, the Court approved, on an interim basis, the Debtors' entry into a $20 million working capital facility, subject to certain customary operating and financial covenants, including a 13-week operating budget [Dkt. No. 542].  That facility was approved on a final basis on November 7, 2013.

8.      On November 14, 2013, the Debtors' Singaporean counsel received a letter from counsel for the Singapore Maritime Port Authority, which letter is attached as **Exhibit A**.  The letter provides that, among other things, Fortune Elephant Corporation must advise the Port Authority of its plan to satisfy outstanding sheriff and port costs by November 18, 2013, or the Port Authority will arrest the Vessel and proceed to auction.

9.      As of November 11, 2013, Fortune Elephant Corporation had $3,391,145 total in its retention and operating accounts.

### III.  RELIEF REQUESTED AND BASIS THEREFOR

10.     The Debtors request that Cathay Bank be ordered to take all necessary action to release its arrest of the *Fortune Elephant.*  The Debtors also seek an order of the Court allowing the Debtors to utilize cash collateral and/or the proceeds of the Debtors' $20 million debtor in possession financing to satisfy the port and sheriff charges related to the *Fortune Elephant* and then fund upfront expenses necessary to trade the *Fortune Elephant* on the spot market.  To the extent that operating expenses must be incurred for any spot market voyage, the Debtors request permission to fund such expenses from cash collateral.

11.     The filing of a bankruptcy petition operates to, among other things, stay any act to obtain possession of, or to exercise control over, property of the estate.  11 U.S.C. § 362(a)(3).  The duty to turnover property of the estate in compliance with § 362(a)(3) is affirmative and

arises upon the filing of a bankruptcy petition.  *See Mitchell v. BankIllinois*, 316 B.R. 891, 899 (S.D. Tex. 2004); accord *In re Weber*, 719 F.3d 72, 77-78 (2d Cir. 2013); *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1171-74 (10th Cir. 2007); *In re Knaus*, 889 F.2d 773, 774–75 (8th Cir.1989).  Such duty may not be conditioned on adequate protection, and it may not be conditioned on any other terms, including, as in here, the identification of other arrests.  *Mitchell,* 316 B.R. at 901.

12. Absent release from arrest, the Fortune Elephant will continue to incur daily costs in the approximate amount of SGD$17,000 (USD$13,590), *in custodia legis*, which costs are secured by maritime liens **that are superior to Cathay Bank's ship mortgage**.  Additionally, the *Fortune Elephant* will continue to lose income as it remains unavailable for hire, threatening the Debtors' ability to restructure.  *See Whiting Pools*, 462 U.S. at 203 (1983) (finding debtor's reorganization chances would be improved if operations could be maintained during the case).

13. The Debtors will supplement this Motion prior to any hearing by providing a budget detailing the projected cash collateral expenditures and DIP Fund expenditures required to bring the *Fortune Elephant* to the spot market.

### IV.  RESERVATION OF RIGHTS

14. The Debtors reserve all rights and claims against Cathay Bank and others related to any violations of the automatic stay, including but not limited to any rights or claims for actual or punitive damages, sanctions and setoff.

### V.  EMERGENCY RELIEF

15. The Debtors request that this Motion be heard on an emergency basis.  The Singapore Maritime Port Authority has demanded that the Debtors take immediate action to resolve the ever-increasing port and arrest charges being incurred by the *Fortune Elephant*, or risk further arrest and then sale by the Port Authority itself.

## **CONCLUSION**

WHEREFORE, premises considered, the Debtors respectfully request entry of an order substantially in the form attached hereto as well as such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ Jason G. Cohen*
    William A. (Trey) Wood III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bgllp.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 223-2300
    Facsimile: (713) 221-1212

-and-

Evan Flaschen
(admitted *pro hac vice*)
Evan.Flaschen@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201

-and-

Robert G. Burns
(admitted *pro hac vice*)
Robert.Burns@bgllp.com
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970

**COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

-6-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 15, 2013, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the Court's ECF noticing system and/or by electronic mail as indicated.

*/s/ Jason G. Cohen*
Jason G. Cohen
