

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/21/2018

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORPORATION., *et al.*,[1] | § | Case No. 13-33763 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## FINAL DECREE (I) CLOSING CHAPTER 11 CASES; (II) TERMINATING CLAIMS AND NOTICING SERVICES; AND (III) GRANTING RELATED RELIEF
[Relates to Motion at Docket No. 3040]

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of a final decree (i) closing these jointly-administered chapter 11 Cases; (ii) terminating the Claims and Noticing Services; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b); and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Plan Administrator represents and based upon the record herein and the statements and

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc.; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

evidence that the records held by the Plan Administrator that relate to the Sale Order Appeals and/or the Patent Litigation are duplicative of the records in the possession of Bracewell LLP; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The following Cases are hereby closed:

|      | DEBTOR | CASE NO. |
|------|--------|----------|
| (1)  | A Whale Corporation | 13-33741 |
| (2)  | B Whale Corporation | 13-33742 |
| (3)  | C Whale Corporation | 13-33743 |
| (4)  | D Whale Corporation | 13-33744 |
| (5)  | E Whale Corporation | 13-33745 |
| (6)  | G Whale Corporation | 13-33746 |
| (7)  | H Whale Corporation | 13-33747 |
| (8)  | A Duckling Corporation | 13-33748 |
| (9)  | F Elephant Inc. | 13-33750 |
| (10) | A Ladybug Corporation | 13-33751 |
| (11) | C Ladybug Corporation | 13-33752 |
| (12) | D Ladybug Corporation | 13-33754 |
| (13) | A Handy Corporation | 13-33755 |
| (14) | B Handy Corporation | 13-33756 |
| (15) | C Handy Corporation | 13-33757 |
| (16) | B Max Corporation | 13-33758 |
| (17) | New Flagship Investment Co., Ltd | 13-33759 |
| (18) | RoRo Line Corporation | 13-33760 |
| (19) | Ugly Duckling Holding Corporation | 13-33761 |
| (20) | Great Elephant Corporation | 13-33762 |
| (21) | TMT Procurement Corporation | 13-33763 |

2. Entry of this Final Decree is without prejudice to the rights of the Debtors, the Plan Administrator or any party in interest to seek to reopen these Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

3. The Debtors shall, on or before 30 days after entry of this Final Decree: (a) pay all fees due and payable, if any, pursuant to 28 U.S.C. § 1930(a)(6) with respect to the Cases; and (b) file a post-confirmation quarterly report for the last period during which the Cases remained

HOU:3883794.4

open. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation report.

4. The Claims and Noticing Services for the Cases are terminated in accordance with the Motion upon the completion of the services listed in paragraph 5 below. Thereafter, Epiq Bankruptcy Solutions LLC ("Epiq") shall have no further obligations to this Court, the Debtors, the Plan Administrator or any other party in interest with respect to the Claims and Noticing Services in the Cases.

5. Within 30 days of entry of the Final Decree, Epiq shall be responsible for archiving all proofs of claim filed in the Cases with the Federal Archives Record Administration, if applicable. Should Epiq receive any mail regarding the Cases after entry of this Final Decree, Epiq shall collect and forward such mail to the Plan Administrator no less frequently than monthly.

6. The Interim Distribution Schedule attached hereto as **Exhibit "A"** is hereby approved pursuant to section 5.07 of the Plan and the Plan Administrator is authorized, but not directed, to make the proposed distributions.

7. The Second Distribution Schedule attached hereto as **Exhibit "B"** is hereby approved, subject to adjustment for payment of Additional Indemnified Claims from the Indemnification Reserve as defined and described in the Plan. The Plan Administrator is authorized, but not directed, to make the proposed distributions set forth on the Second Distribution Schedule on or after the first day that is 18 months after the Effective Date of the Plan, as such distributions may be adjusted depending on payment of Additional Indemnified Claims.

HOU:3883794.4

8.   The Distribution Worksheet attached hereto as **Exhibit "C"** which provides the support for the Distributions Schedules is hereby approved.

9.   If any distribution to the holder of an Allowed Claim or Interest is returned as undeliverable or not negotiated by such holder of an Allowed Claim or Interest within ninety (90) days of issuance, no further distributions to such holder shall be made unless and until the Debtors are notified of such holder's then-current address, at which time all missed distributions shall be made to such holder without interest; *provided, however,* that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of ninety (90) days after the date of the distribution in question.  After such 90th day, and notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary (i) all unclaimed property or interest in property in respect of the distribution in question shall revert to the respective Debtor from which it came and thereafter be distributed Pro Rata to the holders of that Debtor's Allowed Claims and Allowed Interests in accordance with the terms of the Plan, and (ii) the Claim or Interest of any holder with respect to such unclaimed property or interest in property shall be disallowed and no further distributions shall be made on account of such Claim or Interest.

10.  If, at any time the Plan Administrator determines that the expense of administering the remaining assets of the Debtors is likely to exceed the value to be distributed to holders of Claims or Interests, the Plan Administrator shall be authorized, but not required, to (i) donate any balance to a non-religious charitable organization exempt from federal income tax under section 501(c)(3) of the Tax Code that is unrelated to the Debtors, any insider of the Debtors and/or the Plan Administrator and (ii) dissolve the Debtors.

11. The Plan Administrator is authorized, but not directed, to destroy or otherwise dispose of documents and records of the Debtors and to dissolve the Debtors in the Plan Administrator's sole discretion; *provided, however,* that the Plan Administrator shall not direct Bracewell LLP to destroy any documents relating to the Sale Order Appeals or Patent Litigation (each as defined in the Plan) until such time as the Sale Order Appeals and Patent Litigation, respectively, have been finally concluded.

12. The Debtors, the Plan Administrator and their respective agents and advisors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion. The Debtors, the Plan Administrator and their respective agents and advisors shall not be liable to any party for any action taken consistent with this Final Decree.

13. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree are immediately effective and enforceable upon its entry.

14. This Court retains exclusive jurisdiction with respect to (i) all matters arising from or related to the implementation, interpretation and enforcement of this Final Decree and (ii) all matters relating to the Confirmation Order and the Plan, including, without limitation, Additional Indemnified Claims from the Indemnification Reserve as defined and described in the Plan.

15. As to the distributions authorized by this Order, this order is effective against all persons listed on the service list filed at ECF No. 3048. As to all other provisions of this Order, this Order is effective against all persons.

16. Not later than 7 days from entry of this Order, a copy of this Order and the motion for entry of final decree, with all of its amendments and supplements, must be served on all other persons who might be adversely affected by the contents of this Order (the "Additional Service

Parties"). Not later than 28 days from entry of this Order, any Additional Service Party may file an objection to the distribution provisions of this Order. If such an objection is timely filed, the Court will consider such objection. The Additional Service Party filing the objection will be bound by the distribution provisions of this Order only if so ordered by the Court.

Signed: June 21, 2018

---
Marvin Isgur
United States Bankruptcy Judge

**EXHIBIT A**

Amended Interim Distribution Schedule

**EXHIBIT A - PROPOSED DISTRIBUTION TO CASH DEBTOR'S CREDITORS**

*Note 1: This creditor had an allowed claim, but their pro-rata amount was below de minimis threshold.*

| Debtor | Creditor Name | Claim Amount | % of Total | Distribution Amount |
|---|---|---|---|---|
| A Ladybug Corporation | DONGJIN INTEC CO., LTD | $2,901.85 | 0.01% | See Note 1 |
| A Ladybug Corporation | DELOITTE & TOUCHE | $3,085.03 | 0.01% | See Note 1 |
| A Ladybug Corporation | C & C MARINE COMBINE | $2,474.52 | 0.00% | See Note 1 |
| A Ladybug Corporation | NAVARINO TELECOM S.A. | $628.69 | 0.00% | See Note 1 |
| A Ladybug Corporation | HYUNDAI SAMHO HEAVY INDUSTRIES CO., LTD. | $57,437,266.00 | 99.98% | $1,287,290.04 |
| **A Ladybug Corporation - Total** | | **$57,446,356.09** | **100.00%** | **$1,287,290.04** |
| | | | | |
| RoRo Line Corporation | C. FERNIE N CO. | $60,417.05 | 1.59% | $2,064.73 |
| RORO Line Corporation | T.R.S. NV | $932,532.37 | 24.53% | $31,868.91 |
| RoRo Line Corporation | C. STEINWEG BELGIUM NV | $1,628,497.40 | 42.83% | $55,653.23 |
| RoRo Line Corporation | C. STEINWEG BELGIUM NV | $124,819.66 | 3.28% | $4,265.66 |
| RoRo Line Corporation | SCANDINAVIAN BUNKERING AS | $1,055,781.56 | 27.77% | $36,080.90 |
| **RoRo Line Corporation - Total** | | **$3,802,048.04** | **100.00%** | **$129,933.43** |
| | | | | |
| F Elephant Inc. | CHUGOKU MARINE PAINTS (SINGAPORE) | $7,384.00 | 0.08% | See Note 1 |
| F Elephant Inc. | DAE HWA ENGINEERING SERVICE CO., LTD | $3,118.74 | 0.04% | See Note 1 |
| F Elephant Inc. | DONGJIN INTEC CO., LTD | $7,771.25 | 0.09% | See Note 1 |
| F Elephant Inc. | HAJWANE'S HEALTHCARE | $788.00 | 0.01% | See Note 1 |
| F Elephant Inc. | DELOITTE & TOUCHE | $4,291.67 | 0.05% | See Note 1 |
| F Elephant Inc. | DOUGHERTY, WILLIAM F | $51,209.93 | 0.58% | See Note 1 |
| F Elephant Inc. | HYUNDAI SAMHO HEAVY INDUSTRIES CO., LTD. | $8,754,439.00 | 99.16% | $3,010.18 |
| **F Elephant Inc. - Total** | | **$8,829,002.59** | **100.00%** | **$3,010.18** |

## EXHIBIT A - PROPOSED DISTRIBUTION TO CASH DEBTOR'S CREDITORS

*Note 1: This creditor had an allowed claim, but their pro-rata amount was below de minimis threshold.*

| Debtor | Creditor Name | Claim Amount | % of Total | Distribution Amount |
|---|---|---|---|---|
| A Duckling Corporation | SHANGCHAI SURE-SAFE FIRE EQUIPMENT | $1,133.00 | 0.05% | $149.44 |
| A Duckling Corporation | DELOITTE & TOUCHE | $3,427.19 | 0.14% | $452.03 |
| A Duckling Corporation | DOUGHERTY, WILLIAM F | $41,153.36 | 1.73% | $5,427.97 |
| A Duckling Corporation | KYORITSU RADIO SERVICE CO., LTD | $1,833.04 | 0.08% | $241.77 |
| A Duckling Corporation | MEGA INTERNATIONAL COMMERCIAL BANK | $215,461.58 | 9.06% | $28,418.53 |
| A Duckling Corporation | BRITANNIA STEAM SHIP INSURANCE ASSOC LTD | $2,114,645.89 | 88.94% | $278,913.41 |
| **A Duckling Corporation - Total** | | **$2,377,654.06** | **100.00%** | **$313,603.15** |
| A Handy Corporation | SHANGHAI SURE-SAFE FIRE EQUIPMENT | $6,301.00 | 66.99% | $6,301.00 |
| A Handy Corporation | DELOITTE & TOUCHE | $3,104.98 | 33.01% | $3,104.98 |
| **A Handy Corporation - Total** | | **$9,405.98** | **100.00%** | **$9,405.98** |
| B Handy Corporation | DELOITTE & TOUCHE | $3,103.31 | 98.37% | $3,103.31 |
| B Handy Corporation | KYORITSU RADIO SERVICE CO., LTD | $51.56 | 1.63% | See Note 1 |
| B Handy Corporation | Subordinated Debtor Affiliate Claims ($957,000) | | | (A) |
| **B Handy Corporation - Total** | | **$3,154.87** | **100.00%** | **$3,103.31** |
| Great Elephant Corporation | SIMPSON SPENCE & YOUNG | $48,858.48 | 0.61% | $4,185.01 |
| Great Elephant Corporation | DELOITTE & TOUCHE | $6,869.98 | 0.09% | $588.45 |
| Great Elephant Corporation | SHIPPING CORPORATION OF INDIA, THE | $255,619.00 | 3.19% | $21,895.26 |
| Great Elephant Corporation | Wilmington Trust (Oaktree) | $5,730,588.00 | 71.48% | $490,858.40 (B) |

**EXHIBIT A - PROPOSED DISTRIBUTION TO CASH DEBTOR'S CREDITORS**

*Note 1: This creditor had an allowed claim, but their pro-rata amount was below de minimis threshold.*

| Debtor | Creditor Name | Claim Amount | % of Total | Distribution Amount |
|---|---|---|---|---|
| Great Elephant Corporation | BRITANNIA STEAM SHIP INSURANCE ASSOC LTD | $1,975,014.74 | 24.64% | $169,171.57 |
| Great Elephant Corporation - Total | | $8,016,950.20 | 100.00% | $686,698.71 |

| TOTAL PROPOSED DISTRIBUTION TO CASH DEBTOR'S CREDITORS | $2,433,045 |
|---|---|

**Footnotes:**

(A) - The distribution amount for these claims has been allocated among the other cash debtors as shown on the distribution worksheet.

(B) - This amount includes the $59,244 payable out of WTNA's GEC distribution and will be treated as general cash for payment of admin expenses.

## EXHIBIT B

**Amended Second Distribution Schedule**

**EXHIBIT B - PROPOSED DISTRIBUTION TO ALAC and FEI CREDITORS and AHC EQUITY FROM INDEMNIFICATION RESERVE**

*Note 1: This creditor had an allowed claim, but their pro-rata amount was below de minimis threshold.*

| Debtor | Creditor Name | Claim Amount | % of Total | Distribution Amount |
|---|---|---|---|---|
| A Ladybug Corporation | DONGJIN INTEC CO., LTD | $2,901.85 | 0.01% | See Note 1 |
| A Ladybug Corporation | DELOITTE & TOUCHE | $3,085.03 | 0.01% | See Note 1 |
| A Ladybug Corporation | C & C MARINE COMBINE | $2,474.52 | 0.00% | See Note 1 |
| A Ladybug Corporation | NAVARINO TELECOM S.A. | $628.69 | 0.00% | See Note 1 |
| A Ladybug Corporation | HYUNDAI SAMHO HEAVY INDUSTRIES CO., LTD. | $57,437,266.00 | 99.98% | $91,583.70 |
| **A Ladybug Corporation - Total** | | **$57,446,356.09** | **100.00%** | **$91,583.70** |

| Debtor | Creditor Name | Claim Amount | % of Total | Distribution Amount |
|---|---|---|---|---|
| F Elephant Inc. | CHUGOKU MARINE PAINTS (SINGAPORE) | $7,384.00 | 0.08% | $298.98 |
| F Elephant Inc. | DAE HWA ENGINEERING SERVICE CO., LTD | $3,118.74 | 0.04% | $126.28 |
| F Elephant Inc. | DONGJIN INTEC CO., LTD | $7,771.25 | 0.09% | $314.66 |
| F Elephant Inc. | HAJWANE'S HEALTHCARE | $788.00 | 0.01% | See Note 1 |
| F Elephant Inc. | DELOITTE & TOUCHE | $4,291.67 | 0.05% | $173.77 |
| F Elephant Inc. | DOUGHERTY, WILLIAM F | $51,209.93 | 0.58% | $2,073.48 |
| F Elephant Inc. | HYUNDAI SAMHO HEAVY INDUSTRIES CO., LTD. | $8,754,439.00 | 99.16% | $447,012.83 |
| **F Elephant Inc. - Total** | | **$8,829,002.59** | **100.00%** | **$450,000.00** |

| AHC - A Handy Corporation (equity) | | | | $133,603.87 |
|---|---|---|---|---|

| **TOTAL PROPOSED DISTRIBUTION TO ALAC and FEI CREDITORS FROM INDEMNIFICATION RESERVE** | **$675,187.57** |
|---|---|

## EXHIBIT C

**Amended Distribution Worksheet**

**TMT Procurement Corporation, et al**
Distribution Worksheet
as of May 30, 2018

| | | Disbursement | Deposits | Balance |
|---|---|---|---|---|
| A | Cash Balances as of 5/24/18 | | | $ 5,666,070.40 |
| | **Less Pre-Effective Date Professional Fees** | | | |
| | Alix Partners | 46,209.20 | | 5,619,861.20 |
| | Kelley Drye | 175,905.45 | | 5,443,955.75 |
| | FTI | 574,513.31 | | 4,869,442.44 |
| | Locke Lord, Fee Examiner | 16,852.90 | | 4,852,589.54 |
| | Bracewell | | 114,618.91 | 4,967,208.45 |
| | **Other Cash Receipts** | | | |
| | Bracewell return of A Ladybug funds | | 24,318.88 | 4,991,527.33 |
| | **Additional Post Confirmation Professional Fees** | | | |
| | Robert E Ogle, Plan Administrator | 7,000.00 | | |
| | Hunton Andrews Kurth | 27,000.00 | | |
| | Bracewell | 5,000.00 | | |
| | Alix Partners | 1,000.00 | | |
| | Locke Lord, Fee Examiner | 4,000.00 | | |
| | The Claro Group | 15,000.00 | | |
| | Holdback for Future Professional Fees | 200,000.00 | | |
| | | 259,000.00 | | 4,732,527.33 |
| | **Post Confirmation Expenses** | | | |
| | US Trustee Fees - 2Q2018 | 60,099.46 | | |
| | US Trustee Fees - 3Q2018 | 6,825.00 | | |
| | Epiq, Notice and Claims agent | 8,877.18 | | |
| | | 75,801.64 | | 4,656,725.69 |
| | A Lady Bug Cash Adjustment | | | (24,318.88) |
| | **Funds Available for Distribution** | | | 4,632,406.81 |
| B | Allocation of Cash Balances by Entity | | | |
| | Cash funds available for distribution by debtor | | | 4,632,406.81 |
| C | B Handy subordinated debtor affiliate claims allocation | | | |
| | A Lady Bug Cash Adjustment | | | 24,318.88 |
| D | Indemnification Reserve Holdback | | | (675,187.57) |
| E | F3 Capital Subordinated Administrative Claim | | | (1,500,000) |
| | **Funds Available for Distribution** | | | 2,481,538 |
| | **Claims** | | | |
| | Claims Worksheet | | | $ 80,484,520.27 |
| | Percentage Recovery | | | 2.24% |
| | **Distributions to Equity** | | | $ 48,493.32 |
| F | **Second and Final Distribution** | | | $ 675,187.57 |

**Summary of Indemnification Reserve Amounts**

| Debtor | Beginning Bal. | Spent-to-Date | Current Reserve |
|---|---|---|---|
| AHC - A Handy | $ 308,416 | $ 174,812 | $ 133,604 |
| ALAC - A Lady Bug | 91,584 | | 91,584 |
| FEI - Fortune Elephant | 450,000 | | 450,000 |
| | $ 850,000 | $ 174,812 | $ 675,188 |

| | ALAC A Lady Bug 48.53% | RRL RORO Line Corp 4.65% | FEI Fortune Elephant 13.03% | ADX A Duckling 11.24% | AHC A Handy 6.86% | BHC B Handy 0.94% | GEC Great Elephant 14.75% | Total 100.00% |
|---|---|---|---|---|---|---|---|---|
| | $ 2,248,016 | $ 215,637 | $ 603,698 | $ 520,458 | $ 317,822 | $ 43,483 | $ 683,292 | |
| | 11,209.14 | 1,075.22 | 3,010.18 | 2,595.13 | 1,584.74 | (22,881.47) | 3,407.06 | |
| | 24,318.88 | | | | | | | |
| | (91,584) | | (450,000) | | (133,604) | | | |
| | (904,671) | (86,779) | (153,698) | (209,450) | (127,904) | (17,498) | | |
| | $ 1,287,290 | $ 129,933 | $ 3,010 | $ 313,603 | $ 57,899 | $ 3,103 | $ 686,699 | |
| | $ 57,446,356 | $ 3,802,048 | $ 8,829,003 | $ 2,377,654 | $ 9,406 | $ 3,103 | $ 8,016,950 | |
| | 2.24% | 3.42% | 0.03% | 13.19% | 100.00% | 100.00% | 8.57% | |
| | $ - | $ - | $ - | $ - | $ 48,493.32 | $ - | $ - | |
| | $ 91,584 | | $ 450,000 | | $ 133,604 | | | |

**NOTES**

This analysis is heavily dependent upon the prior work of Alix Partners who should be consulted as to the reasonableness and support

A    The 4Q2017 MOR is the support for 12/31/17 cash balances. The attached TMT Check Register supports post confirmation cash activity.
B    The allocation of the TMT Procurement cash balances to individual debtors is based upon the work of Alix Partners for cash debtors' plan asset balances
C    Funds available after payment of BHC unsecured creditors were allocated to the other cash debtors per their respective pro rata %
D    The Reserve Holdback amount is net of payments already made, allocated between AHC, ALAC and FEI per Lender Settlement Plan of Liquidation, see 11.02(5)(iii)(a)(A)
E    The allocation of the F3 Capital Subordinated Administrative Claim is a proration among cash debtors, excluding GEC
F    Second and Final Distribution if no Indemnification Reserve funds are used.